J-S20038-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTRE RAHSHAWN WATSON | : | |
| | : | |
| Appellant | : | No. 220 EDA 2026 |

Appeal from the Judgment of Sentence Entered August 11, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005053-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTRE R. WATSON | : | |
| | : | |
| Appellant | : | No. 221 EDA 2026 |

Appeal from the Judgment of Sentence Entered August 11, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000842-2025

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 8, 2026**

Appellant, Antre Rahshawn Watson, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his guilty plea to three counts of aggravated assault.[1]  We affirm.

In its opinion, the trial court set forth the relevant facts and procedural

_____

[1] 18 Pa.C.S.A. § 2702(a)(3).

history of this case as follows:

> On April 8, 2024, two EMT's were dispatched to the Norristown Transportation Center to administer aid to an individual, later identified as [Appellant], who was in need of medical care. Upon arrival, the EMT's observed [Appellant] lying on his stomach and displaying signs of being under the influence of a controlled substance. When the EMT's were speaking with [Appellant] he subsequently began to chase one of them and had to be subdued by the other EMT. While the EMT was physically restraining [Appellant], he attempted to punch the EMT. On January 25, 2025, EMT's and police were dispatched to the intersection of Dekalb Street and Johnson Highway in Norristown due to a report of a possible overdose. Upon arrival at the scene, a police officer observed two EMT's attending to an individual later identified as [Appellant]. The EMT's appeared to be struggling with [Appellant], who subsequently attempted to run from the scene. The officer stopped [Appellant], observed that he appeared to be under the influence of a controlled substance, and attempted to calm him down. [Appellant], however, proceeded to engage in a physical encounter in which he forced the officer to the ground while falling on top of him. This action caused the officer's back and head to forcibly strike the ground. The officer, with help of the other two EMT's, was able to eventually control [Appellant] and place him into custody. As a result of the encounter, the officer suffered bleeding to his knee, severe pain in his back, and a slight headache.

> On May 16, 2025, [Appellant] entered an open guilty plea to the charges referenced above. As part of the guilty plea, the parties agreed that the maximum aggregate sentence would be capped at twenty (20) to forty (40) months of imprisonment. On August 11, 2025, the court imposed an aggregate sentence of twenty (20) to forty (40) months of imprisonment. On August 19, 2025, [Appellant] filed two (2) sets of timely post-sentence motions, including one (1) which contained a motion to withdraw his guilty plea. On December 10, 2025, the court denied [Appellant's] post-sentence motions. On January 7, 2026, [Appellant] filed a

timely notice of appeal.[2] On that same date, the court issued an Order directing [Appellant] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On January 14, 2026, [Appellant] filed a timely Concise Statement.

(Trial Court Opinion, filed 1/29/26, at 1-2).

Appellant raises one issue for our review:

Did the [trial] court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because both [Appellant's] written guilty plea colloquy and oral guilty plea colloquy failed to explain the right to confront and cross-examine witnesses?

(Appellant's Brief at 3).

"The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa.Super. 2013), *appeal denied*, 624 Pa. 687, 87 A.3d 318 (2014). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record." *Id.* (internal citation omitted). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice

_____

[2] Appellant filed separate notices of appeal at each underlying docket. This Court consolidated the appeals *sua sponte*.

- 3 -

before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." ***Id.*** (quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002)).

After a thorough review of the record, the briefs of the parties, and the applicable law, we conclude that the trial court opinion properly disposes of the question presented. Specifically, the trial court explained that Appellant completed written and oral plea colloquies; the colloquies addressed each of the mandatory areas of inquiry; and to the extent that Appellant now complains he was unaware of his right to confront and cross-examine witnesses, the absence of such information did not render the colloquies invalid.[3] (***See*** Trial Court Opinion at 3-5). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

_____

[3] ***See Commonwealth v. Wright***, No. 2484 EDA 2023 (Pa.Super. filed Feb. 12, 2025) (unpublished memorandum), *appeal denied*, No. 136 MAL 2025 (Pa. Aug. 26, 2025) (holding that appellant waived challenge to validity of guilty plea by failing to preserve it in trial court; moreover, claim lacked merit in any event; regarding alleged defect in plea colloquy for failing to explain appellant's right to confront and cross-examine witnesses, law does not explicitly require that court review this right with defendant who is entering guilty plea; notably, right to confront and cross-examine witnesses is not discrete topic appearing on list in Comment to Rule 590). ***See also*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/8/2026

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

    : 

v.     :

    :

    :

ANTRE RASHAWN WATSON     :

Common Pleas Court No.:
CP-46-CR-0005053-2024
CP-46-CR-0000842-2025

Superior Court No.:
220 EDA 2026
221 EDA 2026[1]

---

## OPINION

**ROTHSTEIN, J.**

MontcoPA Clerk of Courts
JAN 29 '26 AM11:30

**January 29, 2026**

Appellant, Antre Rashawn Watson, ("Defendant") appeals his judgment of sentence imposed on August 11, 2025, following an open guilty plea in which Defendant pled guilty to three (3) counts of aggravated assault.[2] For the reasons that follow, the judgment of sentence is proper and should be affirmed.

## FACTS AND PROCEDURAL HISTORY

On April 8, 2024, two EMTs were dispatched to the Norristown Transportation Center to administer aid to an individual, later identified as Defendant, who was in need of medical care. Upon arrival, the EMTs observed Defendant lying on his stomach and displaying signs of being under the influence of a controlled substance. When the EMT's were speaking with Defendant he subsequently began to chase one of them and had to be subdued by the other EMT. While the EMT was physically restraining Defendant, he attempted to punch the EMT. On January 25, 2025, EMTs and police were dispatched to the intersection of Dekalb Street and Johnson Highway in Norristown due to a report of a possible overdose. Upon arrival at the scene, a police officer observed two EMTs attending to an individual later identified as Defendant. The EMT's appeared to be struggling with Defendant, who subsequently attempted to run from the scene.

---

[1] A review of the Superior Court dockets indicates that the Court has not consolidated the matters listed under these two docket numbers but instead has designated them as "related" cases. Nevertheless, in the interest of efficiency, this court will issue one opinion with respect to both docket numbers.

[2] 18 Pa.C.S.A. § 2702(a)(3).

The officer stopped Defendant, observed that he appeared to be under the influence of a controlled substance, and attempted to calm him down. Defendant, however, proceeded to engage in a physical encounter in which he forced the officer to the ground while falling on top of him. This action caused the officer's back and head to forcibly strike the ground. The officer, with help of the other two EMT's, was able to eventually to control Defendant and place him into custody. As a result of the encounter, the officer suffered bleeding to his knee, severe pain in his back, and a slight headache.

On May 16, 2025, Defendant entered an open guilty plea to the charges referenced above. As part of the guilty plea, the parties agreed that the maximum aggregate sentence would be capped at twenty (20) to forty (40) months of imprisonment. On August 11, 2025, the court imposed an aggregate sentence of twenty (20) to forty (40) months of imprisonment. On August 19, 2025, Defendant filed two (2) sets of timely post-sentence motions, including one (1) which contained a motion to withdraw his guilty plea. On December 10, 2025, the court denied Defendant's post-sentence motions. On January 7, 2026, Defendant filed a timely notice of appeal. On that same date, the court issued an Order directing Defendant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (the "Concise Statement") within twenty-one (21) days. On January 14, 2026, Defendant filed a timely Concise Statement. In his Concise Statement, Defendant raises the following issue:

> DID THE [TRIAL] COURT ERR IN ACCEPTING DEFENDANT'S GUILTY PLEA SINCE THE PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED BECAUSE BOTH THE DEFENDANT'S WRITTEN GUILTY PLEA COLLOQUY AND THE ORAL GUILTY PLEA COLLOQUY FAILED TO EXPLAIN THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES?

(Defendant's Concise Statement).

## DISCUSSION

Defendant contends an omission in his written and oral plea colloquy involving the right to confront and cross-examine witnesses rendered his guilty plea involuntary and unknowing and the court abused its discretion by accepting Defendant's guilty plea despite this deficiency.

2

"The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016). To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Shekerko*, 639 A.2d 810, 813 (Pa.Super. 1994), *appeal denied*, 539 Pa. 677, 652 A.2d 1322 (1994). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to a trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa.Super. 2003); *see also* Pa.R.Crim.P. 590.

"Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the [Rules of Criminal Procedure] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009) (internal citations and quotation marks omitted).

Instantly, on May 16, 2025, Defendant decided to enter an open guilty plea. As part of the guilty plea proceeding, Defendant completed a written guilty plea colloquy and the court administered an oral

3

guilty plea colloquy. In his written guilty plea colloquy, Defendant acknowledged that he knew that he had the right to a jury trial, he was presumed innocent until found guilty and that the Commonwealth had the burden to prove his guilt beyond a reasonable doubt before he could be convicted of the charged offense. (Written Guilty Plea Colloquy, 5/16/25, at 3). Defendant further confirmed that trial counsel had explained to him all of elements of the offense underlying his guilty plea and acknowledged that the judge did not have to accept the plea agreement. (*Id.* at 2-4). Defendant also stated that he understood the maximum sentence and fine he could receive for the offenses underlying his guilty plea. (*Id.* at 3-4). Defendant confirmed that no one had forced or threatened him to plead guilty and that he willingly entered the plea. (*Id.* at 5). Defendant agreed that he reviewed the written colloquy with his attorney, initialed the bottom of each page and truthfully answered all the questions. (N.T. Open Guilty Plea, 5/16/25, at 5).

During his oral guilty plea colloquy, Defendant acknowledged that he understood the nature of the charges to which he was pleading guilty. (*Id.* at 6-7). Defendant confirmed that he was pleading guilty to three (3) counts of aggravated assault, which were all graded as second-degree felonies. (*Id.* at 6-7). Defendant further confirmed that he understood the maximum exposure on these charges was five (5) to ten (10) years of imprisonment and a $25,000 fine. (*Id.* at 7). The Commonwealth recited the factual basis of the guilty plea and Defendant admitted to every fact presented. (*Id.* at 11-12). Defendant acknowledged he had sufficient time to speak with his attorney before deciding to plead guilty. (*Id.* at 9). Defendant posed no questions to the court and gave no indication that he did not want to enter the open guilty plea. (*Id.* at 4-14). The inquiry cited by Defendant in his Concise Statement involving the right to confront and cross-examine witnesses is not a required question and its absence does not render the colloquies invalid. *See Pollard, supra*; Pa.R.Crim.P. 590. Defendant's responses to the written and oral guilty plea colloquies help establish that Defendant had a full understanding of the nature and consequences of his guilty plea. *See Kpou, supra*.

4

Therefore, the totality of the circumstances demonstrates Defendant knowingly and voluntarily entered his guilty plea and the court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea. *See Bedell, supra.* Accordingly, Defendant's issue merits no relief.

## CONCLUSION

For the reasons set forth above, the judgment of sentence is proper and should be affirmed.

BY THE COURT:

_____
WENDY G. ROTHSTEIN,          J.

Copies of the above Opinion sent on January 29, 2026:
**By E-Mail To:**
    Tonya Lupinacci, Esquire/Cassandra Cross-Soto (District Attorney's Office)
    Dana Greenspan, Esquire (Public Defender's Office)
**By First Class Mail To:**
    Antre Rashawn Watson (Defendant) (SCI Phoenix #QR3455)

_____
Judicial Assistant

5